## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 11/9/2001 |
| **CASE TITLE** | Builders Association etc. Vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The City objects to the quashing of approximately 500 subpoenas. ECA wants attorneys' fees arising from its successful efforts to resist the subpoenas. Both objections are overruled. Status hearing set for November 27, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 0 9 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 01 NOV -9 AM 6: 20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUILDERS ASSOCIATION OF )
GREATER CHICAGO, )
)
    Plaintiff, )
)
vs. ) No. 96 C 1122
)
CITY OF CHICAGO, a municipal )
corporation, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendant City of Chicago and subpoenaed Electrical Contractors Association (ECA) of the City of Chicago both object to the August 29, 2001, Memorandum Opinion and Order of Magistrate Judge Geraldine Brown, although for entirely different reasons. The City objects to the quashing of approximately 500 subpoenas. ECA wants attorneys' fees arising from its successful efforts to resist the subpoenas. Both objections are overruled.

In a thorough opinion Magistrate Judge Brown explained why she believed that the subpoenas should be quashed. We overturn that conclusion only if it is clearly erroneous or contrary to law. And the ruling is clearly erroneous only if we are left with the definite and firm conviction that a mistake has been made. We are not at all convinced.

The City contends that it had to turn to third party subpoenas because the plaintiff Builders Association of Greater Chicago (BAGC) was less than forthcoming in discovery; that it needs the information to construct a statistical model demonstrating past discrimination; that post-enactment evidence is admissible to buttress pre-enactment evidence and to test plaintiff's allegations, particularly when the requested relief is injunctive; and that it has offered to scale back significantly the scope of the subpoenas.

The central issue here is whether the City had discriminated against minority contractors or had stood passively by when it knew that contractors were discriminating against minority contractors on public construction jobs, thus justifying the adoption of an affirmative action program in April 1985, and then amended in 1990. The City claims that it is enough that it had a strong basis in evidence then to justify the program, and that it can introduce later acquired evidence to bolster that earlier conclusion. That may well be so, and Magistrate Judge Brown assumed that to be so. She also dealt directly with the proposed scaling back of the scope of the subpoenas.

But the subpoenas, even scaled back, go far beyond that issue. Even as modified, they seek a host of documents from 1978 to the present, including all documents relating to private sector projects. Magistrate Judge Brown recognized that the burden of production was great indeed; she believed that much of the resulting mass of raw data would be, at best, of questionable relevance; and she questioned whether even a subset of the data would be useful in constructing a meaningful statistical model. We think she had ample reasons for concluding that the subpoenas imposed an undue burden. The issue here is not whether there has been or is discrimination in the construction industry; it is whether the City was justified in requiring a set-aside program for public projects in 1985 and 1990. We conclude that Magistrate Judge Brown was well within her discretion in quashing the subpoenas.

We overrule the objection of ECA because it has nothing to object about. Magistrate Judge Brown has not yet ruled on its application. Accordingly, the appeal is premature.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov 9, 2001.