Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 11/16/2001 |
| **CASE TITLE** | Builders Association etc. Vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The City's motion for judgment on the pleadings is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 16 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 230 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FOR DOCKETING 01 NOV 16 AM 9:54 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUILDERS ASSOCIATION OF )
GREATER CHICAGO, )
)
      Plaintiff, )
)
vs. ) No. 96 C 1122
)
CITY OF CHICAGO, a municipal )
corporation, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Builders Association of Greater Chicago (BAGC) seeks declaratory and injunctive relief against defendant City of Chicago (the City) under 42 U.S.C. §1983, that the City's Minority- and Women-owned Business Enterprise Procurement Program (MWBE) system violates the equal protection provision of the Fourteenth Amendment. The City now moves for judgment on the pleadings, arguing that the suit is barred by the statute of limitations, waiver, estoppel or laches. For the following reasons, the City's motion is denied.

## BACKGROUND

To compensate for an alleged pattern of discrimination against women and minorities in awarding City contracts, in January 1984 the City enacted its initial version of MWBE. The program set guidelines for general contractors bidding on city projects to ensure minimum levels of participation by woman- and minority-owned general contractors and subcontractors. BAGC is a trade group representing general contractors and subcontractors, some of whom regularly bid on public contracts. Following the Supreme Court's decision in Richmond v. J.A. Croson Co., 488 U.S. 469 (1989), in July 1990 the City enacted a revised version of the program. Michael Drew, then a BAGC director, testified at the City Council



hearings on the revised MWBE program.

BAGC filed the instant suit on July 24, 1996. The parties agreed to stay these proceedings while BAGC's parallel suit challenging Cook County's affirmative action program for contractors (the County case) was pending. The trial court issued its ruling in that case on November 2, 2000, *see* Builders Ass'n of Greater Chicago v. County of Cook, 123 F.Supp.2d 1087 (N.D. Ill. 2000), and was affirmed by the Seventh Circuit on July 6, 2001. *See* Builders Ass'n of Greater Chicago v. County of Cook, 256 F.3d 642 (7th Cir. 2001). The City filed its answer and affirmative defenses on March 30, 2001, and this motion on April 17, 2001, during the pendency of the County case appeal.

## DISCUSSION

At the outset, plaintiff asserts that the City should be barred from raising these defenses by the equitable doctrines of waiver, estoppel and laches. We disagree. Although plaintiff filed its amended complaint in July 1996, both parties agreed to stay these proceedings while the County case was pending. The City filed its answer and affirmative defenses in this case on March 30, 2001, approximately five months after the trial court ruled in the County case. This is not unreasonable; equitably barring the City's affirmative defenses is not appropriate.

The statute of limitations for a §1983 claim in Illinois is two years. *See* Northen v. City of Chicago, 126 F.3d 1024, 1026 (7th Cir. 1997). The MWBE program was initially enacted in 1984, and re-enacted in amended form in July 1990. Since plaintiff's knowledge of the existence of the program is not disputed, discovery of the alleged injury is not an issue. This means that plaintiff's cause of action challenging the amended MWBE program could have accrued as early as 1990.

But it is not that simple. The MWBE is an ongoing program. It is applied every time the City lets a contract out for bidding. Importantly, the complaint only seeks prospective relief – a declaration that the program is unconstitutional and an injunction against its continued application. It does not demand compensation for any past injury. In fact, the only request for monetary compensation is for costs and attorneys' fees.

Because the program is continuously in force, plaintiff attempts to invoke the continuing violation doctrine. This doctrine allows a plaintiff to reach back to the beginning of a series of events, even if that beginning lies outside the limitations period, where the length of the violation is pertinent to establishing liability or to computing damages. *See* Heard v. Sheahan, 253 F.3d 316, 319 (7th Cir. 2001). Duration is not relevant to liability here, and damages are not at issue. So the continuing violation doctrine is inapplicable.

There is, nonetheless, a recurring injury. The critical analysis here is properly identifying the constitutional injury. The injury in fact is not that the program was enacted, or that BAGC members were denied particular contracts, but rather that they are not able to compete on equal footing in the bidding process. *See* Croson, 488 U.S. at 493. "To establish standing, therefore, a party challenging a set-aside program ... need only demonstrate this it is able and ready to bid on contracts and that a discriminatory policy prevents it from doing so on an equal basis." Northeastern Florida Chapter of the Assoc. Gen'l Contractors of Amer. v. City of Jacksonville, 508 U.S. 656, 666 (1993). The complaint alleges that plaintiff's members have regularly submitted bids for city contracts that are evaluated under the MWBE program guidelines, and that they will continue to do so. If the MWBE program is unconstitutional, their injury will recur every time a bid is submitted subject to its guidelines. This suit targets these prospective injuries, not past ones. The statute of limitations cannot

bar such a suit.

This is consistent with the principle that "the continued enforcement of an unconstitutional statute cannot be insulated by the statute of limitations." Virginia Hospital Ass'n v. Baliles, 868 F.2d 653, 663 (4th Cir. 1988), *citing* Brown v. Board of Educ., 347 U.S. 483 (1954). It is also worth noting that although no court has addressed the statute of limitations question directly, there are a plethora of cases challenging long-standing affirmative action programs (in force longer than the relevant statute of limitations period) that have been adjudicated on their merits. *See, e.g.,* Northeastern Florida, 508 U.S. 656 (1993); Associated Utility Contractors of Maryland, Inc. v. Mayor and City Council of Baltimore, 83 F.Supp.2d 613 (D. Md. 2000); Contractors Ass'n of Eastern Pennsylvania v. City of Philadelphia, 893 F.Supp. 419, 423 (E.D. Pa. 1995). As long as the MWBE program remains in force and bids continue to be evaluated under its guidelines, it is subject to constitutional scrutiny.

Lastly, we address the City's equitable arguments: waiver, estoppel and laches. The City argues that because a BAGC director testified favorably about the program in front of the City Council, plaintiff waived any objections to the program and should be estopped from challenging it. It is questionable whether a director could effectively waive an organization's equal protection rights without authorization from the board, and, in any event, Mr. Drew's statements hardly seem a knowing and voluntary waiver. *See* Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

Moreover, times have changed, the law has evolved and organizational politics may have shifted. The fact that BAGC favored affirmative action 11 years ago should not preclude it from testing the constitutionality of that policy now. The City did not rely on BAGC's support in enacting the MWBE program, BAGC was not integrally involved in

formulating the policy – one director commented on it in public hearings – and, as an organization, BAGC received no substantial benefit from the program. *See* Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 456-57 (1988). To the contrary, the complaint's allegations, which we must accept as true, detail harms the MWBE program has caused plaintiff's members. Neither constitutional nor equitable estoppel should bar plaintiff's claim.

Laches is similarly inappropriate. There is no greater prejudice to the City in defending its WMBE program now as opposed to earlier. As a matter of equity, justice demands that we reach the merits and determine whether any constitutional rights have been violated.

## CONCLUSION

For the foregoing reasons, the City's motion for judgment on the pleadings is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 16, 2001.