Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 11/19/2001 |
| **CASE TITLE** | Builders Association etc. Vs. City of Chicago etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff moved to compel the City to designate deponents, the City objected, and Judge Brown granted the motion. The City appeals, and we affirm - but with some caveats. We recognize that the dates for designation and for depositions must be changed. Defendant shall designate by December 3, 2001, and the depositions shall go forward by January 4, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 2 0 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | IS | 231 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | 01 NOV 20 AM 8:33 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 2 0 2001

BUILDERS ASSOCIATION OF GREATER )
CHICAGO, )
)
Plaintiff, ) No. 96 C 1122
)
V. )
) Judge Moran
) Magistrate Judge Brown
CITY OF CHICAGO, a municipal corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This 1996 case was stalled for a considerable period while a parallel Cook County case went forward. That case was tried about a year ago and the ruling affirmed on July 6, 2001. Magistrate Judge Brown has now set a discovery close, as we understand it, for the end of February 2002. Plaintiff has sought Rule 30(b)(6) depositions of individuals designated by the City to testify about intentional discrimination by the City in letting construction contracts and by prime construction contractors on City construction projects. The scope was narrowed, particularly with respect to time, by an October 2, 2001 letter. Plaintiff moved to compel the City to designate deponents, the City objected, and Judge Brown granted the motion. The City appeals, and we affirm - but with some caveats.

Defendant City contends that its objections to other orders need to be ruled upon first. Those rulings have now been made. The principal thrust of defendant's objections, however, is as follows: Rule 30(b)(6) requires the party to designate a witness to testify "as to matters known or reasonably available to the organization." Thus, the City contends, it would have to prepare the witness with all the matters it might wish to present during trial, and that is impossible to do

231

on short notice and imposes an unreasonable burden. Plaintiff should file contention interrogatories instead. Judge Brown's November 5, 2001 compelling designation, it contends, is clearly erroneous.

We have reviewed the transcripts of the September 13, 2001, and November 5, 2001, proceedings before Judge Brown. We think the thrust of her ruling is clear. This is, she notes, a 1996 case approaching the end of discovery. It is time for the City to disclose what evidence of discrimination it has.

Plaintiff is aware of the City's contentions. Given those contentions, we assume that the City would list a significant number of persons who might know something about past practices. But what plaintiff wants to know, as we understand the positions before Judge Brown, is who, at the present time, has knowledge about past discrimination, specific knowledge that the City is likely to elicit by testimony at trial. We think the emphasis is less on an obligation by the City to fill up an empty vessel than on an obligation by the City to identify its witnesses to instances of intentional discrimination, so that plaintiff can take their depositions. And that is long overdue.

We recognize that the dates for designation and for depositions must be changed. Defendant shall designate by December 3, 2001, and the depositions shall go forward by January 4, 2002.

                                                                           James B. Moran
                                                                           Senior Judge, U.S. District Court

Dated: November 19, 2001.