Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 5/24/2002 |
| **CASE TITLE** | Builders Association etc. Vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. On March 15, 2002, Magistrate Judge Brown ordered the City to produce various information on a very abbreviated schedule. Even so, the City objects, contending that the time allowed was too short, less than its time to object, and that the sanction, inability to use later-found material at trial, was not one Judge Brown could impose. We overrule the objections, but with the observation that we believe the City misunderstood Judge Brown's ruling.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 28 2002 date docketed | 322 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BUILDERS ASSOCIATION OF GREATER CHICAGO, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 96 C 1122 |
| CITY OF CHICAGO, a municipal corporation, | ) ) ) ) | |
| Defendants. | ) | |

DOCKETED
MAY 28 2002

## MEMORANDUM OPINION AND ORDER

On March 15, 2002, Magistrate Judge Brown ordered the City to produce various information on a very abbreviated schedule. The City contends that it did so; plaintiff disagrees. Even so, the City objects, contending that the time allowed was too short, less than its time to object, and that the sanction, inability to use later-found material at trial, was not one Judge Brown could impose.

We overrule the objections, but with the observation that we believe the City misunderstood Judge Brown's ruling. It was an abbreviated time, but at least one classification was relevant to a deposition scheduled shortly thereafter, and fact-discovery in the 1996 case was due to close soon thereafter. From our review of the transcript the material sought had been requested far earlier. With the exception of financial ratings, the City had attempted to comply and had produced what it had found – and it had not found much of what was requested. Judge Brown in effect pointed out that there comes a time when "investigation continues" just will not do and that the City had had a great deal of time to find whatever was out there. And she also pointed out that production has to be related to the orderly conclusion of discovery. Finally, she stated the obvious: materials not produced

when required cannot suddenly turn up for use at trial. If the City should, prior to trial, turn up something, it can then seek to use that material if it can show good cause for the failure to produce it earlier. But that we leave to another day.

                                                                                                                    JAMES B. MORAN
                                                                                                  Senior Judge, U. S. District Court

May 24, 2002.