# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 9/9/2002 |
| **CASE TITLE** | Builders Association etc. Vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. On May 22, 2002, Magistrate Judge Brown entered an order that, in relevant part, states as follows: The defendant must produce to the plaintiffs the census data utilized by Dr. Bates in preparing the tables that are included in either of his expert reports. Defendant objects to the order. The upshot of all this, is that we deny the City's objections, while leaving open the possibility of satisfying Judge Brown's legitimate concerns.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 372 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 1 0 2002

BUILDERS ASSOCIATION OF GREATER )
CHICAGO, )
)
        Plaintiff, )
)
vs. ) No. 96 C 1122
)
CITY OF CHICAGO, a municipal corporation, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

On May 22, 2002, Magistrate Judge Brown entered an order that, in relevant part, states as follows:

> The defendant must produce to the plaintiff the census data utilized by Dr. Bates in preparing the tables that are included in either of his expert reports.

Defendant objects to the order.

Although the parties tend to argue the issue in somewhat categorical terms, its nuances appear rather clearly in the careful and extended discussions before Judge Brown on several occasions. The United States Census Bureau collects data in a database from the reports of reporting individuals and entities. Those reports are the raw data collected, but they are confidential; experts rely upon the collective statistical data derived from those reports; and no one is claiming any need or right to have access to the raw data of those reports. Much collective statistical data is published and is available to the public. No one is claiming any need to access that information other than through the readily available means.

The issue here relates to an intermediate access. The Census Bureau database can be

372

a treasure trove of information for researchers interested in specific questions not easily answered by the published information. They need to access the database with programs specifically tailored to obtain information relevant to their specific questions. The Census Bureau, it appears, is agreeable to providing that access but only under controlled conditions. Presumably it wishes to assure itself that the raw data are protected from disclosure and that the programs are legitimate and reasonable research tools. To that end it requires that putative researchers obtain advance approval for access, submit their programs for prior review, and use Census Bureau computers for their research. That approval can be a rather lengthy process.

Dr. Bates, an expert for the City, has that approval and has accessed the Census Bureau database on several occasions. He has copies of some of the programs he used and does not have copies of others, although he believes he can replicate those programs. Plaintiff's expert has not sought and does not have that approval.

We agree with Judge Brown that plaintiff's expert must have had an opportunity to test Dr. Bate's results derived from the Census Bureau database before those results can be admitted (while the issue arises in the context of a motion to compel, that is the flip side of admissibility). Is that possible? Judge Brown's ruling relates to her responsibility to complete discovery so as to schedule dispositive motions or trial. This court has the responsibility to rule on any dispositive motions, and we assume that it is unlikely that the ruling will ultimately come down to Dr. Bates' massaging of census data. And the court will schedule the trial date, which obviously will follow by some time the completion of discovery. There would appear, therefore, somewhat less time constraints on resolving this matter here than before Judge

Brown.

Perhaps plaintiff's expert should seek approval. Indeed, since he and Dr. Bates seem to be locked into a continuing adversarial dialogue, he may well be interested in having access to the same resources. Defendant has asked the Census Bureau to permit Dr. Bates to rerun his programs with plaintiff's expert present. If that happens, it could determine whether the replicated programs are indeed the same, obtaining the same results. But that does not wholly resolve this problem. A slight but appropriate change in program focus may yield substantially different results. Plaintiff's expert must have the opportunity to test the validity of those results by addressing different questions, i.e. different programs, to the database. And that he cannot do, cannot decide what changes in programs he needs for testing, until he know what programs Dr. Bates used. But then, perhaps, Dr. Bates, given his access, can run those altered programs. We recognize that plaintiff cannot just say it has no access and be done with it; it has some responsibility to pursue reasonable means of acquiring a way to test defendant's results.

The upshot of all this is that we deny the City's objections, while leaving open the possibility of satisfying Judge Brown's legitimate concerns.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 9, 2002.