# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 1/3/2003 |
| **CASE TITLE** | Builders Association etc. Vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. On the August 2, 2002, Magistrate Judge Geraldine Soat Brown discussed with the parties, item-by-item, the material that the City believes plaintiff must produce. Judge Brown ruled that plaintiff had to produce some of the items but not others. Defendant objects to her failure to compel plaintiff to produce some of the other material. We overrule the objections, except to the extent that following would require the production of additional documents.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN - 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 428 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| WAH | courtroom deputy's initials | 03 JAN -3 PM 2:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUILDERS ASSOCIATION OF GREATER )
CHICAGO, )
)
Plaintiff, )
)
vs. ) No. 96 C 1122
)
CITY OF CHICAGO, a municipal corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant seeks a variety of information in conjunction with plaintiff's experts' reports. It contends that plaintiff did not provide the written reports required by Fed.R.Civ.P. 26(a)(2), and that it has never received much information to which it is entitled. On August 2, 2002, Magistrate Judge Geraldine Soat Brown discussed with the parties, item-by-item, the material that the City believes plaintiff must produce. Plaintiff then represented that its filings of July 16, 2002 – reports and exhibits – were its Rule 26(a)(2) submissions. Judge Brown ruled that plaintiff had to produce some of the items but not others. Defendant objects to her failure to compel plaintiff to produce some of the other material. We overrule the objections, except to the extent that the following would require the production of additional documents.

We do not have the July 16, 2002 submissions before us and cannot comment on whether or not they conformed to the rule. Apparently they did not in all respects since Judge Brown ordered additional production and plaintiff agreed to provide that material. But the claimed deficiencies were discussed at great length on August 2, 2002, Judge Brown had the primary responsibility of guiding discovery and she ruled. We pick up the matter at that point

428

to determine whether she was clearly erroneous in not requiring the production of some items.

What comes through on the briefing is a fundamental disagreement between the parties regarding the scope of a party's responsibility to produce underlying data respecting matters considered by an expert. That disagreement may well be influenced by the City's reaction to the rulings respecting Dr. Bates – a kind of what-is-sauce-for-the-goose-is-sauce-for-the-gander contention. But there is a major distinction. Perhaps we can best illustrate it by comparison to medical studies.

A medical researcher performs a series of medical experiments, collecting and recording considerable data. She then analyzes that data, with the assistance of her review of relevant technical literature from the professional journals. All of the materials she relied upon must be listed and, to the extent they are not readily available, produced. That includes all the material she developed. It also includes the listing of the technical literature upon which she relied and the relevant technical literature she considered but rejected as not applicable for one reason or another. She is not required to produce the underlying data from studies by others unless she possessed it and considered it. Experts are entitled to and do consider a variety of information, and their analysis might be flawed because they relied upon studies with flawed methodology or reasoning, but that is stuff for cross examination. Or perhaps they should have considered other studies and did not. But they generally do not possess the underlying data in someone else's study and do not consider it. Accordingly, they cannot and do not need to produce it. Thus, for example here, defendant has no obligation to produce raw census data never accessible to or considered by Dr. Bates, but plaintiff is entitled to access, if possible, to the data he considered.

How does the application of that model here affect Judge Brown's rulings. We are not completely sure. Exhibit F to plaintiff's September 9, 2002, response to the City's objections, would appear to provide the information sought by the City with respect to Dr. Lunn, although we are uncertain about any list from Prof. LaNoue of things considered. Defendant's September 18, 2002 reply indicates less of a concern respecting production relating to him. With respect to both, however, defendant appears to seek underlying data from technical literature that was considered, even though the underlying data was never in the possession of the expert and was not considered. That it is not entitled to require.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 3, 2003.