

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 96 C 1122 | DATE | 2/7/2003 |
| CASE TITLE | Builders Association etc. Vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 10 2003 | |
| | Notified counsel by telephone. | | date docketed | 464 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 FEB -7 PM 12:25 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUILDERS ASSOCIATION OF GREATER )
CHICAGO, )
)
Plaintiff, )
)
vs. ) No. 96 C 1122
)
CITY OF CHICAGO, a municipal corporation, )
)
Defendant. )

DOCKETED
FEB 1 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Builders Association of Chicago (BAGC) brought this suit against defendant City of Chicago (the City) alleging that the City's Minority and Women-owned Business Enterprise program (M/WBE) violates the equal protection clause of the Fourteenth Amendment, and seeking declaratory and injunctive relief. The City now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that the suit is barred by the statute of limitations and that plaintiff's constitutional claims are stale. For the following reasons, defendant's motion is denied.

## BACKGROUND

In order to compensate for an alleged pattern of discrimination in the awarding of contracts, the City, in January 1984, enacted an initial version of the M/WBE. The program set guidelines for general contractors bidding on city projects to ensure minimum levels of participation by businesses owned by women and minorities. BAGC is a trade group representing general contractors and subcontractors, some of whom regularly bid on public contracts. Following the Supreme Court's decision in City of Richmond v. J.A. Croson Co.,

488 U.S. 469 (1989), the City, in July 1990, enacted an amended version of the program. Michael Drew, then a BAGC director, testified at the City Council hearings on the revised program.

BAGC filed this suit on July 24, 1996. The parties agreed to stay the proceedings while a parallel suit challenging Cook County's affirmative action program for contractors was pending. The trial court ruled in that case on November 2, 2000, (Builders Ass'n of Greater Chicago v. County of Cook, 123 F. Supp.2d 1087 (N.D. Ill. 2000)) and the Seventh Circuit affirmed the decision on July 6, 2001, (Builders Ass'n of Greater Chicago v. County of Cook, 256 F.3d 642 (7th Cir. 2001)).

## DISCUSSION

We grant a motion for summary judgment only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986). We draw all reasonable inferences and view all admissible evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Only if there is insufficient evidence to support a jury verdict do we grant a motion for summary judgment. *Id.* at 248.

Defendant first argues that this suit is barred by the statute of limitations which, for a § 1983 claim in Illinois, is two years. *See* Northen v. City of Chicago, 126 F.3d 1024, 1026 (7th Cir. 1997). The M/WBE was initially enacted in 1984 and re-enacted in the current form in July 1990. The parties do not dispute that plaintiff knew about the program at the initial date of its inception. Defendant argues that plaintiff's injury occurred at this time (or, at the latest, when the Act was amended in 1990) and the statute of limitations should run from that date.

The enactment of the M/WBE did not in itself cause any injury to the plaintiff. The plaintiff's alleged injury comes from its inability to compete on a level playing field with minority- and women-owned businesses. This alleged injury occurs each time that contractors bid on a contract from the City. We do not prevent a potentially wronged party from challenging the constitutionality of a statute simply because the enactment date lies outside of the statute of limitations. *See* Virginia Hosp. Ass'n v. Baliles, 868 F.2d 653, 663 (4th Cir. 1989) *citing* Brown v. Board of Ed. of Topeka, Shawnee County, Kan., 347 U.S. 483 (1954).

This should not be confused with the continuing violation doctrine, which allows plaintiffs to "reach back" to the beginning of an injury for the purposes of assessing damages. *See* Heard v. Sheahan, 253 F.3d 316, 319 (7th Cir. 2001). As stated in our memorandum opinion and order of November 16, 2001, denying defendant's motion for judgment on the pleadings, that doctrine is inapplicable to this issue. Builders Ass'n of Greater Chicago v. City of Chicago, 2001 WL 1464757, *2 (N.D. Ill. 2001).

This does not, as defendant suggests, mean that we are allowing plaintiff to use associational standing as a sword to avoid defenses and shift the burden of production while hiding behind the standing as a way to evade discovery requests. As plaintiff states in its memorandum, the primary reason for filing suit as an association was allegedly to avoid potential retaliation against individual contractors. Defendant does not dispute the strategic value of this decision. This does not prevent the defendant from acquiring the relevant evidence that would be available to them, regardless of who actually files the suit. Finally, the burden of proof in this case would be the same regardless of whether plaintiff decided to file suit as an association or as individuals:

> Once the governmental entity has shown acceptable proof of a compelling interest in remedying past discrimination and illustrated that its plan is narrowly tailored to achieve this goal, the party challenging the affirmative action plan bears the ultimate burden of proving that the plan is unconstitutional.

Majeske v. City of Chicago, 218 F.3d 816, 820 (7th Cir. 2000); *see also* Builders Ass'n of Greater Chicago v. County of Cook, 123 F. Supp.2d 1087, 1094 (N.D. Ill. 2000).

Defendant next argues that plaintiff's constitutional claims are stale due to the doctrine of laches, estoppel or waiver. We disagree. While the M/WBE was enacted in 1984 and amended in 1990 there are many reasons why the suit is ongoing. Plaintiff did not file suit until 1996 and the parties agreed to stay proceedings until July 2001. Perhaps BAGC favored the affirmative action plan when it was enacted and amended, only to later incur damages and choose to file suit. Perhaps it chose to wait and see what effect that program had on contract bids before filing suit. In any case, plaintiff was entitled to file suit in 1996 and did so. Its views of the program at the time of its inception (or those of Drew, a director) should not preclude BAGC from now filing suit to test the constitutionality of the program and protect its own interests. Defendant cannot point to any way in which plaintiff knowingly waived its right to sue or any behavior that estops them from doing so.

The defense of laches requires defendant to demonstrate lack of diligence in bringing the suit and prejudice resulting from this delay. *See* Costello v. United States, 365 U.S. 265, 282 (1961); *see also* Hawxhurst v. Pettibone Corp., 40 F.3d 175, 181 (7th Cir. 1994). While it is true that plaintiff waited until long after the enactment of the program, defendant does not demonstrate that this was the result of any lack of diligence by plaintiff in pursuing its rights. Again, there are many reasons plaintiff may not have challenged this program before 1996.

Finally, while defendant claims substantial hardship in producing evidence, it cannot point to any way in which the delay resulted in prejudice or increased this hardship.

Defendant relies heavily on <u>Thatcher Enterprises v. Cache County Corp.</u>, 902 F.2d 1472 (10th Cir. 1990), to stand for the proposition that a constitutional challenge to an ordinance must be brought in a timely manner or the plaintiff will be barred from such a challenge. In <u>Thatcher</u>, however, the Tenth Circuit articulates the position that parties challenging the *procedural validity* of an ordinance must do so quickly to avoid prejudice to the enacting body. *Id.* at 1476. Moreover, plaintiffs in <u>Thatcher</u> did not point to specific ongoing harms that arose from the ordinance, instead arguing that the passage of the ordinance itself was the injury. *Id.* at 1473. Plaintiff's challenging the constitutionality of a statute that allegedly continues to violate its rights should not be prevented from doing so merely because it did not challenge the statute at the time of its enactment.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied.

_____<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

Feb. 7, 2003.