

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 3/20/2003 |
| **CASE TITLE** | Builders Association etc. Vs. City of Chicago etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. On May 13, 2002, Magistrate Judge Brown awarded fees and costs to the Electrical Contractors Association in the amount of $157,277.75, to the Underground Contractors Association in the amount of $47, 826.48, and Kiferbaum Construction Corp. in the amount of $6,745.00. The awards were sanctions for violation of Rule 45(c)(1) of the F.R.C.P. by defendant City. The City objects to the awards. The objections are sustained. (#300-1 & #300-2)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 1 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 505 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 2 1 2003

BUILDERS ASSOCIATION OF GREATER )
CHICAGO, )
)
Plaintiff, )
)
vs. ) No. 96 C 1122
)
CITY OF CHICAGO, a municipal corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On May 13, 2002, Magistrate Judge Geraldine Soat Brown awarded fees and costs to the Electrical Contractors Association (ECA) in the amount of $157,277.75, to the Underground Contractors Association (UCA) in the amount of $47,826.48, and Kiferbaum Construction Corp. (Kiferbaum) in the amount of $6,745.00. The awards were sanctions for violation of Rule 45(c)(1) of the Federal Rules of Civil Procedure by defendant City. The City objects to the awards. Judge Brown quashed over 500 subpoenas on August 29, 2001, as imposing an undue burden on the persons subject to the subpoenas. That ruling was affirmed November 9, 2001. That left pending the issue of possible sanctions, which Judge Brown decided on May 13, 2002, imposing the sanctions upon the City and counsel of record, jointly and severally.

Judge Brown concluded that the standard for imposing sanctions was not that of Rule 11 of the Federal Rules of Civil Procedure, and that, therefore, sanctions could be, although not necessarily should be, awarded for imposing an undue burden. While she questioned what possible need the defendant could have for some of the information sought, for example,

information about personal injury actions, and she was troubled by the sweeping nature of the many subpoenas without any effort to tailor them to the circumstances of the recipients, she did not determine whether or not defendant and its attorneys acted in subjective good faith. Rather, she concluded that the good faith of the attorneys issuing the subpoenas should not necessarily defeat a motion for attorneys' fees. Instead, the court should look only at the burden upon the party in responding. Judge Brown had precedent supporting that determination, Liberty Mutual Insurance Co. v. Diamonte, 194 F.R.D. 20, 23 (D. Mass. 2000); Bowers v. Buchanan, 110 F.R.D. 405, 406 (S.D. W.Va. 1986); In re Shubov, 253 B.R. 540, 547 (9th Cir. 2000), although other cases indicate that the conduct should be analyzed like a claimed violation of Rule 11, Insurance Benefits Administrators v. Martin, 871 F.2d 1354 (7th Cir. 1989); Dravo Corp. v. Liberty Mutual Insurance Co., 160 F.R.D. 123 (D. Nebr. 1995). Insurance Benefits Administrators v. Martin, *supra*, was decided, however, before the 1991 amendments to Rule 45, and the 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure. We turn, then, to those rules as they applied when Judge Brown made her ruling.

Rule 45(c)(1) and (3), in pertinent part, provide as follows:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
                  \* \* \* \*
    (iv) subjects a person to undue burden.

The Advisory Committee Notes, 1991 Amendment, note as follows:

> "Purpose of Revision. The purposes of this revision are (1) to clarify and enlarge the protections afforded persons who are required to assist the court by giving information or evidence; ...."

The Notes go on to discuss both subdivision (c)(1) and (c)(3):

> Subdivision (c). This provision is new and states the rights of witnesses. It is not intended to diminish rights conferred by Rules 26-37 or any other authority.
>
> Paragraph (c)(1) gives specific application to the principle stated in Rule 26(g) and specifies liability for earnings lost by a non-party witness as a result of a misuse of the subpoena. No change in existing law is thereby effected. Abuse of a subpoena is an actionable tort, <u>Board of Ed. v. Farmingdale Classroom Teach. Ass'n</u>, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975), and the duty of the attorney to the non-party is also embodied in Model Rule of Professional Conduct 4.4. The liability of the attorney is correlative to the expanded power of the attorney to issue subpoenas. The liability may include the cost of fees to collect attorneys' fees owed as a result of a breach of this duty.
>
> Paragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power. It replaces and enlarges on the former subdivision (b) of this rule and tracks the provisions of Rule 26(c). While largely repetitious, this rule is addressed to the witness who may read it on the subpoena, where it is required to be printed by the revised paragraph (a)(1) of this rule.
>
> Clause (c)(3)(A)(iv) requires the court to protect all persons from undue burden imposed by the use of the subpoena power.

Rule 45(c)(1) provides for sanctions for breach of the duties therein imposed. Rule (45(c)(3) provides for the quashing of a subpoena if it subjects a person to undue burden. But can a subpoena subject a person to undue burden and yet not violate the duty imposed by Rule 45(c)(1)? The Notes state that Rule 45(c)(1) gives specific application to the principle stated in Rule 26(g). We turn, then, to Rule 26(g).

Rule 26(g) reads in pertinent part as follows:

(G) SIGNING OF DISCLOSURES, DISCOVERY REQUESTS, RESPONSES AND OBJECTIONS.

>    (2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the request, response, or objection is:
>
>>    (A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
>>
>>    (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
>>
>>    (C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.
>
> If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response or objection, and a party shall not be obligated to take any action with respect to it until it is signed.
>
>    (3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

The Advisory Committee Notes, 1993 Amendment, state that amended Rule 11 no longer applies. They also state that Rule 26(g) was amended to be consistent with Rule 37(a)(4), which in turn permits any protective order authorized under Rule 26(c), which is also specifically referred to in the Rule 45 notes. That permits the issuance of protective orders requiring that disclosure or discovery may be had only on specified terms and conditions.

How does all of this fit together? We agree with Judge Brown that the Rule 11 standards do not apply. We think, however, that a court's control over broad subpoenas is more flexible than she suggests. First, there must be a determination that the subpoena

subjects a person to undue burden. That means, we believe, (to echo the language of Rule 26(b) which provides the basis for a protective order under Rule 26(c)), that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Here it has been established that the subpoenas subjected the recipients to undue burden. But that does not end the inquiry.

The court can quash the subpoenas. That is what happened here. But that is not the only alternative. Courts have long had the authority to shift the cost of production from the party with the information to the party seeking the information, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978); Rowe Entertainment, Inc. v. The William Morris Agency, Inc., 205 F.R.D. 421 (S.D.N.Y. 2002). Given the relationship of Rule 45 to Rule 26, we have no doubt that a court has the same authority to shift the cost of production from a recipient of a subpoena to the party who issued it. But here that option was, apparently, never considered because it was never suggested as a possibility by any of the parties or by any of those who had been served with subpoenas.

In either event, the court must then consider whether the party or its attorneys violated Rule 45(c). We think reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena includes all the matters encompassed in the certification of Rule 26(g) – service of the subpoena is itself a certification

> that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:
> (A) consistent with these rules and warranted by exiting law or a good faith argument for the extension, modification, or reversal

of existing law;

   (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

   (C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

A subpoena is obviously unduly burdensome if the information is wholly irrelevant under any reasonable legal theory; if the subpoena was issued for the purpose of harassment or if the party issuing the subpoena did not, in good faith, believe, after reasonable inquiry, that the subpoena was not unreasonable or unduly burdensome or expensive for the reasons indicated.

Here it is clear that the City (and the plaintiff) believe the issues at stake to be of great importance. At the time the subpoenas were served the City was already scrambling to provide support for the ordinance, the County having recently lost a similar litigation before Judge Grady. It was concerned about information predating the City's program because the plaintiff insisted only that was relevant. It had not yet been confronted with the opinion in <u>Builders Association of Greater Chicago v. County of Cook</u>, 256 F.3d 642 (7th Cir. 2001). But even so, it was faced with opaque precedent which might at least provide a basis for a good faith argument for the extension, modification or reversal of existing law. Indeed, it takes some comfort from <u>Concrete Works of Colorado, Inc. v. City and County of Denver</u>, ___ F.3d ___, 2003 WL 294582 (10th Cir.).

The recipients may well contend that the subpoenas went, in some respects at least, so far beyond anything that might be useful to defendant that their scope indicates a lack of a good faith belief. But that was not determined by Judge Brown. Perhaps if the City wanted to construct data bases for computer models by review of massive amounts of information

from hundreds of recipients required to review old and difficult to retrieve files, it should have been required to reimburse those recipients for their costs. Reimbursement, of course, is different from sanctions, here attorneys' fees generated by a year-long discovery battle. It is payment for information rather than payment of fees for the effort to prevent the City from obtaining information. Perhaps a reimbursement arrangement would have tempered the City's requests. And perhaps the subpoena recipients who sought sanctions believe that the City did not act in good faith and will want to revisit the matter. For now, however, because the factual determinations necessary for awards have not been made, the objections are sustained.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

March 20, 2003.