# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 12/29/2003 |
| **CASE TITLE** | BUILDERS ASSOCIATION OF GREATER CHICAGO vs. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's renewed motion with respect to the issue of laches is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 2 9 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | 597 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | U.S. DISTRICT COURT CLERK | date mailed notice | |
| LG | courtroom deputy's initials | 03 DEC 29 AM 4:0" | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BUILDERS ASSOCIATION OF GREATER CHICAGO, )
           )
           Plaintiff, )
           )
vs. )    No. 96 C 1122
           )
CITY OF CHICAGO, a municipal corporation, )
           )
           Defendant. )

DOCKETED
DEC 2 9 200

## MEMORANDUM OPINION AND ORDER

Defendant's renewed motion with respect to the issue of *laches* is denied. As the opinion issued today makes clear, this court's focus has been on the present legality of the program, not the past. The City cannot insulate itself from attack and continue the program until it unilaterally decides the program is no longer necessary just because it was long in existence before challenged.

The City's motions for a preliminary injunction and for leave to file a third party complaint were previously denied but those denials apparently were not memorialized by an order. They are denied.

Plaintiff's motion to compel production of documents or for adverse inferences is denied. I thought it had previously been denied – the court accepted the City's representation that the documents did not exist – but apparently that also was not memorialized in an order. It is now. That denial extends, as well, to adverse inference motions filed by plaintiff on June 24, 2003.

Plaintiff's motion to strike City trial exhibits 498, 392(E) and 392(G) is denied. As

*597*

previously stated, however, I have not relied upon census data inaccessible to plaintiff.

Plaintiff's motion to strike defendant's exhibits 499, 53, 55, 59, 63, 75, 82, 329, 330, 342, 364, 365, 370 and 371, and a Richard Pepper letter of August 17, 1995, is denied. The first, exhibit 499, is a list of consent decrees, in the category of background material regarding events from some years ago. I believe I expressed some interest in that subject and the City responded. The 53-82 series are congressional materials of limited relevancy. As I stated earlier, in this bench trial I intended to permit the parties to develop the record from which they could develop their arguments. That record includes extensive hearsay in governmental documents, but it was information presented to legislative bodies and became, or may have become, the basis for legislative determinations. I see no reason to change that approach now. For the same reason I admit the 300 series, all BAGC internal documents, although, as the other opinion issued today reflects, I do not consider the mindset of the BAGC of particular importance to the outcome.

For similar reasons, I deny plaintiff's motion to strike defendant-intervenors' trial exhibits 535, 536,537, 539, 540 and 541 and grant defendant-intervenors' motion to admit them. As I recall, most of those exhibits were in response to the court's interest in having a better understanding of the general structure of the industry. I did not rely upon them to be all-inclusive or totally accurate. The exhibits introduced for other purposes fall within the rubric previously described.

The City moves the admission of the testimony of Dr. Gerald Jaynes, asking in effect reconsideration of a ruling to the contrary on April 1, 2003. It contends that <u>Grutter v. Bollinger,</u> 123 S.Ct. 2325 (2203) and <u>Gratz v. Bollinger,</u> 123 S.Ct. 2411 (2003), dictate a

contrary result. I disagree, for the reasons previously stated. The issue of preferences in higher education has a long history and, indeed, <u>Regents of the University of California v. Bakke</u>, 438 U.S. 265 (1978), has shaped much of the debate over racial classifications. The limited recognition of racial and ethnic preferences in <u>Grutter</u>, *supra*, in no way suggests that economic benefits are permissible reasons for a set-aside program. The motion is denied.

Mid-Atlantic Commercial Window Shield seeks judgment in a related case. That motion is denied. The case, <u>Mid-Atlantic Commercial Window Shield v. City of Chicago</u>, 01 C 5819, was transferred to me as a related case. It was not consolidated, and it was not in any sense fully litigated during the trial.

*James B. Moran*
**JAMES B. MORAN**
Senior Judge, U. S. District Court

Dec. 29 , 2003