# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1122 | **DATE** | 8/2/2004 |
| **CASE TITLE** | BUILDERS ASSOCIATION OF GREATER vs. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. We award $1,423,528 for fees and related nontaxable expenses and $326,314.72 for expert fees and related nontaxable expenses, plus prejudgment interests of $141,839.41 and $204.02 per diem after February 29, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | 624 |
| ✓ | Docketing to mail notices. | | GMA | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 2004 AUG -2 PM 4:36 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BUILDERS ASSOCIATION OF GREATER CHICAGO | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 96 C 1122 |
| CITY OF CHICAGO, A MUNICIPAL CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

**DOCKETED**
**AUG 0 3 2004**

## MEMORANDUM OPINION AND ORDER

This case has been hotly and extensively litigated, and plaintiff's fee petition is no exception. Plaintiff sought $1,427,291.12 in attorneys' fees and related nontaxable expenses through February 29, 2004 and $326,314.72 in expert fees and related nontaxable expenses, plus prejudgment interest. It now reduces the lodestar amount by $12,177.50, to $1,415,113.60, and asked for an additional $18,415 in fees relating to the fee petition. We award $1,423,528 for fees and related nontaxable expenses and $326,314.72 for expert fees and related nontaxable expenses, plus prejudgment interests of $141,839.41 and $204.02 per diem after February 29, 2004.

The City does not dispute the $326,314.72 for expert fees and related nontaxable expenses. It raises several objections to the rest.

One is that plaintiff did not wholly prevail. But a lack of any compelling interest was only one of the bases for its attack. Its ultimate aim was a declaration that the City's construction M/WBE program was unconstitutional and an injunction against its continuation. It obtained both.

It was the prevailing party.

Another is that plaintiff was, essentially, a volunteer with no standing to contest third party subpoenas and should not be reimbursed for fees spent in those contests. A third is that plaintiff's counsel was, to some extent, duplicating efforts for which it had been compensated in the County of Cook case. We go back to what we have said before. There is a symbiotic relationship between that case and this. It made sense, for all parties, to await the outcome of the County of Cook case, because that outcome would likely affect, and did affect, how this case would proceed. That outcome shaped the City's litigation strategy (and, not surprisingly, caused it to incur attorneys' fees and expert costs which were a multiple of what plaintiff now seeks). The third party subpoenas provided a battle ground to hammer out how far the City could go in seeking, by its altered litigation strategy, to support its ordinance. Plaintiff necessarily had to be involved in those battles and it necessarily had to revisit its position in the earlier case. It also had to allocate time between the two cases when the effort was relevant to both, and a review of the time sheets discloses that it has done so. The claim that some entries are too vague or relate to another case or for other reasons are deficient goes on for pages. We have spot checked that claim against the unredacted time sheets and we are persuaded that plaintiff adequately detailed the time spent and has carefully circumscribed its fee petition to matters relevant to this case. It is, of course, possible that some mistakes were made, as plaintiff apparently recognizes by its $12,177.50 reduction, but we see no reason to reduce the amount awarded by an exercise in possibilities.

Finally, the City contends that the amount should be reduced and no prejudgment interest should be awarded because plaintiff is not some impecunious plaintiff who could not pursue the claim unless the attorneys could look for recovery of fees pursuant to § 1988, and it was pursuing

its commercial interests. But § 1988 makes no such distinction. One additional contention is that prejudgment interest is unfair because of the long delays, in which plaintiff acquiesced. But, as we have previously noted, the delays were mutually beneficial - the parties needed to know how the County of Cook case played out before they proceeded here.

James B. Moran,
Senior Judge, U.S. District Court

August 2, 2004